10-4293-ag
Zheng v. Holder

BIA
Weisel, IJ
A088 726 282

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT:
>      JOSÉ A. CABRANES,
>      RICHARD C. WESLEY,
>      SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

MING LIANG ZHENG
>      *Petitioner,*

>      v.                                    10-4293-ag
                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:           Adedayo O. Idowu, New York, NY

FOR RESPONDENT:           Tony West, Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ming Liang Zheng, a native and citizen of the People's Republic of China, seeks review of the September 28, 2010, order of the BIA, affirming the February 4, 2009, decision of Immigration Judge ("IJ") Robert Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming-Liang Zheng*, No. A088 726 282 (B.I.A. Sept. 28, 2010), *aff'g* No. A088 726 282 (Immig. Ct. N.Y. City Feb. 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

The agency's adverse credibility determination is based on substantial evidence given inconsistencies in Zheng's testimony and inconsistencies between his testimony, written

2

application, and record evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Although Zheng testified that police began searching for him in China in December 2006 because of his practice of Falun Gong, he also testified that police only began searching for him after it was revealed that he was a Falun Gong practitioner in January 2007, and a letter from his mother stated that police began searching for him only after he ran away following the public disclosure of his practice of Falun Gong. Because Zheng's only explanation for these discrepancies – that he was sought in December 2006 for his opposition to pollution at a local factory and sought in January 2007 for his practice of Falun Gong – did not address why he testified that he was sought by the police in December 2006 for his practice of Falun Gong, the agency was not compelled to accept this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). In addition, contrary to Zheng's argument, because none of the evidence Zheng provided rehabilitates his inconsistent testimony regarding whether police searched for him in December 2006 because of his Falun Gong practice, the record does not compellingly suggest that the agency ignored any record evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir. 2006). Based

3

on the agency's reasonable adverse credibility determination, it did not err in denying Zheng asylum, withholding of removal, and CAT relief, as these claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4